IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. OWENS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-845 |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 27th day of September, 2023, upon consideration of the parties'
cross-motions for summary judgment, the Court, upon review of the Commissioner of Social
Security's final decision denying Plaintiff's claim for disability insurance benefits under
Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's
findings are supported by substantial evidence and, accordingly, affirms.[1]   *See* 42 U.S.C. §
405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't
of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d
1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990)
(if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1]      Defendant asks the Court to tax costs against Plaintiff but does not advance an argument
in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub.
Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

court may neither reweigh the evidence, nor reverse, merely because it would have decided the

claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]      Unfortunately, this case, originally filed in 2013, has undergone a number of remands and therefore has gone ten years without a resolution.  Fortunately, all of this back-and-forth resulted in a particularly thorough and well-reasoned decision by the Administrative Law Judge ("ALJ") that Plaintiff is not disabled.  Plaintiff takes issue with much of the ALJ's findings, but ultimately, the ALJ properly applied the law and relied upon substantial evidence in making her findings.  Hence, the Court will affirm.

The ALJ's decision is 27 pages long and single-spaced.  It comprehensively sets forth the basis for the ALJ's findings at each step of the sequential process, including the formulation of Plaintiff's residual functional capacity ("RFC").  To the extent Plaintiff is merely suggesting that the evidence in the record leads to a different conclusion, the Court has little more to say other than to refer to the ALJ's decision.  Indeed, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  Here, more than substantial evidence supports the ALJ's determination, as she herself discussed at length.

Plaintiff specifically challenges the ALJ's analysis of his migraine headaches, sleep apnea, obesity, use of an assistive device to walk, and mental impairments.   The ALJ addressed each of these issues at length in her decision, citing to medical imaging evidence, clinical findings generally showing good strength, range of motion, and reflexes, Plaintiff's conservative treatment history, his improvement with medication, Plaintiff's reports of symptoms to health care providers, his activities of daily living, and a number of supporting medical opinions.  The ALJ fairly characterized the evidence and offered a balanced review of the record; the Court need not recount the plethora of evidence to which the ALJ cited.  The Court further notes that the RFC did include restrictions specifically tailored to many of Plaintiff's conditions, including his migraines, obesity, and mental impairments.

Further, although Plaintiff suggests that the ALJ's consideration of his ability to engage in activities of daily living – which he labels as sporadic and transitory – was improper, there is nothing inappropriate *per se* with an ALJ considering a claimant's activities of daily living in evaluating the severity of the claimant's symptoms and limitations.  In fact, ALJs are required to do so.  *See* 20 C.F.R. §  404.1529(c)(3)(i); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011).  It is true that an ALJ cannot use evidence of sporadic and transitory activities to demonstrate an ability to engage continuously in substantial gainful activity, s*ee Fargnoli v. Astrue*, 247 F.3d 34, 40 n.5 (3d Cir. 2001), but that is not what happened here, as the ALJ herself adequately explained.  The ALJ similarly was correct in considering the objective

medical evidence, Plaintiff's improvement with medication, his reports of symptoms, and his conservative course of treatment in rendering her decision. *See* 20 C.F.R. § 404.1529(c)(2) and (3); SSR 16-3p, 2016 WL 1119029 (S.S.A. 2016); *Garrett v. Comm'r of Soc. Sec.*, 274 Fed. Appx. 159, 164 (3d Cir. 2008). The ALJ even acknowledged that "headaches do not necessarily present with objective findings" in conducting her review of the evidence. (R. 906).

Plaintiff next argues that the ALJ erred in finding that he did not meet or medically equal Listings 12.04, 12.08, and/or 12.15, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis because she did not give enough weight to the opinions of consultative examiners John Mills, Ph.D. (R. 621-28), and Vito Dongiovanni, Psy.D. (R. 742-53). The Court disagrees and finds the ALJ's explanation for the weight given to all the medical opinions, including those of Drs. Mills and Dongiovanni, to be sufficient. Because Plaintiff's claim was filed before March 27, 2017, the ALJ properly applied 20 C.F.R. § 404.1527 in evaluating the opinion evidence. Again, the ALJ's discussion was thorough and well-supported, and she sufficiently explained why she gave less weight to the statements of Drs. Mills and Dongiovanni that Plaintiff had marked limitations in certain mental areas of functioning such as carrying out detailed instructions, making judgements, responding to work pressure and changes, and interacting with others. (R. 913-14, 627, 752). In any event, the Court notes that the RFC, as crafted by the ALJ, generally took these marked limitations into consideration, as Plaintiff was limited to jobs involving no more than understanding, remembering, and carrying out simple instructions and making simple work-related decisions with no fast-paced or quota-based work activity, no interaction with the public and co-workers, and only occasional interaction with supervisors. (R. 901).

The Court further notes that the ALJ also relied on other medical opinions in making her findings, including those of state reviewing agents Sandra Banks, Ph.D. (R. 64-69), and Arlene Rattan, Ph.D. (R. 80-86), which were consistent with the RFC as crafted by the ALJ. Dr. Banks did not suggest any marked limitations, and Dr. Rattan found Plaintiff only to be markedly limited in his ability to interact appropriately with the general public, which the ALJ accounted for in the RFC. (R. 85, 901). The ALJ gave these opinions great weight and provided an adequate explanation as to why. (R. 915). Under Section 404.1527, while an ALJ is required to consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicts with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). In certain cases, the ALJ is justified in giving more weight to the non-examining professional's opinion. *See Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005). Neither Dr. Mills nor Dr. Dongiovanni qualify as a treating physician in any event, so it was no error for the ALJ to give more weight to the state reviewing agents' opinions.

Plaintiff also argues that the ALJ gave insufficient consideration to his subjective complaints. However, while a claimant's testimony regarding his subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). In fact, as a general matter, when an ALJ has articulated reasons

supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). In any event, as with the rest of her decision, the ALJ comprehensively explained why she found Plaintiff's testimony about the limitations caused by his impairments to not be fully supported by the record.

As noted, Plaintiff challenges much of the ALJ's decision; to the extent he has raised any additional arguments asking the Court to re-weigh the evidence and come to a different conclusion, the Court reiterates that it cannot do. Plaintiff does raise one last argument, though, warranting further discussion. The Department of Veterans Affairs certified Plaintiff as an honorably discharged veteran, permanently disabled and entitled to disability compensation at the 100 percent rate, effective June 16, 2010. (R. 1375-76). Plaintiff alleges that the ALJ considered the VA's decision under the improper version of 20 C.F.R. § 404.1504 and that she erred in failing to give it more weight. The Court disagrees on both counts.

First, the ALJ did, in fact, apply the version of Section 404.1504 applying to claims filed before March 27, 2017, which provides:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

The newer version of Section 404.1504, which applies to later-filed claims, on the other hand, provides:

> Other governmental agencies and nongovernmental entities – such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers – make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence

> underlying the other governmental agency or nongovernmental
> entity's decision that we receive as evidence in your claim in
> accordance with § 404.1513(a)(1) through (4).

Both versions make clear that the Commissioner is not bound by the disability finding of another agency, such as the VA, as such decisions are made under different standards.  The newer version, however, says that an ALJ need not discuss the disability decision itself at all – only that he or she must consider the evidence supporting that decision.  Here, the ALJ clearly considered the VA's decision, consistent with the requirements of the old version of 404.1504.

Moreover, the ALJ's decision to give the VA's decision little weight is supported by substantial evidence.  While the ALJ cannot ignore the VA's disability determination, *see Pulaski v. Finch*, 415 F.2d 613, 613 (3d Cir. 1969); *Kane v. Heckler,* 776 F.2d 1130, 1135 (3d Cir. 1985), as discussed above, disability determinations made by other agencies are not binding on the Social Security Administration.  *See* 20 C.F.R. § 404.1504.  Therefore, even "a VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies are different but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ."  *Solomon v. Saul*, No. CV 18-1443, 2020 WL 475496, at *2 (W.D. Pa. Jan. 29, 2020) (citing *Malcom v. Barnhart,* 448 F. Supp.2d 595 (D. Del. 2006) (internal citations omitted).  "Thus, an ALJ may give less weight to a VA disability rating so long as the ALJ sets forth specific and valid reasons for doing so and that those reasons are supported by substantial evidence of record."  *Id.* (citing *Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001)).  Accordingly, while an ALJ cannot reject another agency's disability decision merely because it employs different standards, it can reject it if it is inconsistent with the application of the facts under Social Security law.

Here, the ALJ more than adequately explained why the facts supported a different finding in this Social Security disability case than had been made in the VA case.  While acknowledging that the VA found Plaintiff to be 100 per cent disabled, she explained that this decision was not consistent with the objective medical findings, treatment history, and reports of symptoms.  She detailed medical imaging data and examination findings demonstrating generally good strength, range of motion, and gait and no motor or sensory deficits.  (R. 911).  She did, in fact, exactly what she was required to do under Section 404.1502 – consider the VA's decision in light of the evidence in this case.

The Court emphasizes that Plaintiff's date last insured was September 30, 2013.  While the ALJ acknowledged that Plaintiff's conditions may have deteriorated after that date (R. 906, 914), that is not what is at issue here.  The ALJ's decision clearly addresses that time frame, is consistent with the governing law, and supported by substantial evidence.  The Court therefore will affirm.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED as set forth herein.


s/Alan N. Bloch
United States District Judge



ecf:        Counsel of record